## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

TIMOTHY RENARD COLLINS,     :
                                      :
             Plaintiff,       :
                                      :
             vs.           :     CASE No: 5:12-CV-0442-MTT-MSH
                                      :
GEO GROUP INC., et. al.,        :
                                      :     PROCEEDINGS UNDER 42 U.S.C. § 1983
            Defendants.    :     BEFORE THE U. S. MAGISTRATE JUDGE
_____

## ORDER TO PAY INTITIAL FILING FEE

Plaintiff Timothy Renard Collins, a prisoner at the Smith Transitional Center in Claxton, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on his submissions, the Court finds that Plaintiff is unable to pre-pay the entire $350.00 filing fee at this time. Plaintiff's Motion to Proceed *in forma pauperis* (ECF No. 2) is accordingly **GRANTED**.[1]

However, this does not mean that the filing fee is waived. Plaintiff is still required to eventually pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). This filing fee is not refundable, regardless of the outcome of Plaintiff's case. Plaintiff is thus responsible for paying the entire filing fee even if his lawsuit is dismissed prior to service. Moreover, having reviewed Plaintiff's trust fund account statement, the Court finds that

---

[1] Court records on the U.S. District Web PACER Docket Report indicate that Plaintiff does not have any strikes for the purposes of 28 U.S.C. § 1915(g).

Plaintiff may now be able to pre-pay at least a portion of the filing fee. Plaintiff's prison trust account statement shows deposits totaling more than $ 157.00 over the last six months, which gives him an average monthly deposit of $ 26.21. Therefore, pursuant to 28 U.S.C. § 1915(b)(1)(B), it is **ORDERED** that Plaintiff shall now pay an initial filing fee of $ 5.24.

After Plaintiff has paid this initial fee, he will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding months. The agency having custody of Plaintiff shall forward said payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. §1915(b)(2). <u>For this reason, it is requested that the Clerk of Court mail a copy of this Order to the warden and/or business manager of the facility in which Plaintiff is presently confined.</u>

It is further **ORDERED** that the collection of monthly payments from Plaintiff's trust account must continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee. In the event Plaintiff is released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full. If Plaintiff is released from custody and fails to remit payments, collection of any balance due on the filing fee shall be authorized by any means permitted by law.

The undersigned will not conduct a preliminary screening of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), until the initial partial filing fee has been paid. At

that time, the undersigned will also need additional information about Plaintiff's claims. The Complaint now alleges that Plaintiff was attacked and beaten by a group of inmates while he was being escorted by Defendant Sergeant Havior. (*See* Compl. 4.) These sparse allegations fail to provide enough detail to allow the undersigned to determine whether Plaintiff can state a claim under 42 U.S.C. § 1983 against either Defendant Havior or any of the other named defendants.[2]

Plaintiff is accordingly **ORDERED** to supplement his Complaint by describing the specific individuals and actions that allegedly violated his constitutional rights. Plaintiff's supplement must clearly identify each individual that Plaintiff has a claim against and wishes to include as a defendant in the present lawsuit. Plaintiff must then explain exactly how each individual violated his constitutional rights and describe any injury he has suffered as result of their actions. Plaintiff should state his claims as simply as possible and need not attempt to include legal citations or legalese. If, in his supplement, Plaintiff fails to link a named defendant to a claim, the claim will be dismissed. Likewise, if Plaintiff makes no allegations against a named defendant, that defendant will be dismissed.

Plaintiff shall have TWENTY-ONE DAYS (21) DAYS from the date shown on this Order to (1) pay an initial partial filing fee of $ 5.24 and (2) file a supplement to his Complaint which more fully describes his allegations. Failure to comply with this Order may result in the dismissal of Plaintiff's Complaint and the assessment of a "strike" for the purposes of 28 U.S.C. § 1915(g). If Plaintiff decides that he no longer wishes to proceed

---

[2] Though not listed as parties in the caption, six other defendants are named in the Complaint: The Geo Group, Inc., Warden Frederick J. Head, Deputy Warden Keller, Major Streeter, and Captain Lamoutage. (Compl. at 4).

with this lawsuit, he should so notify the Court by filing a motion for voluntarily dismissal pursuant to Federal Rules of Civil Procedure.

Because Plaintiff is a state prisoner and transfer to another institution is a foreseeable event, Plaintiff shall be responsible for keeping the Court informed of his current address at all times.   Failure to promptly advise the Court of any change of address may also result in the dismissal of Plaintiff's Complaint.   There shall be no service of process in this case until further order.

SO RECOMMENDED, this 16th day of November, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE