IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TIMOTHY RENARD COLLINS, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 5:12-CV-442-MTT-MSH |
| | : | |
| Deputy Warden KELLNER, *et al.*, | : | |
| Defendants. | : | |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Defendants' motion for summary judgment. (ECF No. 28.) Plaintiff has failed to respond as directed to the motion for summary judgment. For the reasons explained below, Defendants' motion should be granted and summary judgment should be entered in Defendants' favor on all claims.

### BACKGROUND

On November 8, 2012, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 claiming that he was assaulted at the Riverbend Correctional Facility ("RCF") by a group of inmates and Defendants, who were "on site" at the time, failed to protect him and/or caused a delay in his receipt of medical treatment. (*See* Supp. Compl. 1, ECF No. 8.) After preliminary review, Plaintiff's Eighth Amendment claims against Defendants Sergeant Havior, Captain LaMontagne, Major Streeter, and Deputy Warden Kellner were allowed to proceed. (*See* Order & Recommendation, ECF No. 9.) The Court construes these allegations as claims seeking relief under 42 U.S.C. § 1983 for a violation of the

Eighth Amendment prohibitions against cruel and unusual punishment. (*Id.*)  Defendants filed a motion for summary judgment (ECF No. 28) on August 7, 2013.  Plaintiff was ordered to respond to the motion for summary judgment on August 8, 2013 (ECF No. 29), but has failed to respond.  This motion is now ripe for review.

## DISCUSSION

### I.   Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

Additionally, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried."  The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

The law provides that the party against whom summary judgment is sought must be given ten (10) days' notice of the summary judgment rules.  In addition, the party against whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion.  If he fails and refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law.

## II. Motion for Summary Judgment

Defendants contend that summary judgment should be granted in this case for two reasons.  First, Defendants contend that Plaintiff has not sufficiently alleged a failure to protect claim under the Eighth Amendment. (Def.'s Mot. for Summ. J. 11.)  Specifically, Defendants Streeter, LaMontagne, and Kellner argue that Plaintiff cannot make a claim against them because he has not alleged any personal involvement in the incident in question. (*Id*.)  Defendant Havior argues that Plaintiff has not shown that he acted with deliberate indifference to Plaintiff's health or safety. (*Id*. at 12.)  Second, Defendants claim that to the extent the Court construes Plaintiff as arguing a claim of inadequate medical treatment, Plaintiff has failed to sufficiently allege such a claim against any Defendants. (*Id*. at 17.)  As Plaintiff has failed to respond to Defendants' motion, the Court reviews the motion in light of Plaintiff's Complaint and Amended Complaint, as well as the Exhibits filed by Defendants which Plaintiff has failed to contest.  For the reasons explained below, Defendants' motion should be granted.

A. <u>Failure to Protect Claim</u>

   *1. Defendants Streeter, LaMontagne, and Kellner*

Defendants Streeter, LaMontagne, and Kellner move for summary judgment with respect to Plaintiff's claims that they failed to protect him, arguing that they had no personal involvement in the alleged violation of Plaintiff's constitutional rights, and therefore can have no liability under 42 U.S.C. § 1983.  They argue that even under Plaintiff's version of the events, they were not involved in any alleged constitutional violation as required by § 1983.

The Eleventh Circuit has held that "[s]ection 1983 gives a party who claims to have suffered the deprivation of a constitutional right at the hands of a person acting under color of state law an action at law [or] suit in equity against such person for redress.'"  *GeorgiaCarry.org, Inc. v. Georgia,* 687 F.3d 1244, 1253 (11th Cir. 2012) (internal quotations omitted).  Specifically, the Court has held that "[t]o establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir.2005).

Here, Plaintiff alleges that the constitutional right violated by Defendants is his Eighth Amendment right against cruel and unusual punishment.  It is well settled that prison officials have "a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994).  Although not every injury inflicted by another inmate results from a violation of the Constitution, the Eighth Amendment is violated if a prisoner is seriously injured as a result of a "prison official's

'deliberate indifference' to a substantial risk of serious harm . . . ." *Id.* at 828, 834.  This requires a showing that the official was "subjectively aware" of and nonetheless disregarded an excessive risk to the inmate's safety.  *See id.*

Furthermore, the Eleventh Circuit has held that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (citation omitted).  "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation."  *Id*. (citation omitted).

These Defendants are clearly entitled to summary judgment as to this claim.  Plaintiff alleges only that these Defendants were "top officials" at RCF and violated his Eighth Amendment rights by failing to ensure that other officers were following protocol and by not personally going to the scene of the incident to clear other inmates out of the path for Plaintiff's walk to the medical facility (during which he was attacked again).  At no time during the incidents in question did Plaintiff see these Defendants and he has stated only that they were on duty at the time but were in no way personally involved in the incidents.  (*See* Collins Dep. 36:6-16, May 6, 2013, ECF No. 32.)  Under these undisputed facts, Defendants Streeter, LaMontagne, and Kellner are entitled to summary judgment, and their motion should be granted.

*2. Defendant Havior*

Defendant Havior also moves for summary judgment on Plaintiff's failure to protect claim arguing that Plaintiff cannot show that she acted with deliberate indifference to his health or safety. (Def.'s Mot. for Summ. J. 12.) As stated above, the Eighth Amendment is violated if a prisoner is seriously injured as a result of a "prison official's 'deliberate indifference' to a substantial risk of serious harm." *Farmer*, 511 U.S. at 828, 834. This requires a showing of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). Defendant Havior argues that Plaintiff cannot make this showing and that she is therefore entitled to summary judgment. The court agrees.

Plaintiff contends that Defendant Havior failed to protect him from an attack perpetrated by a group of other inmates. (*See* Supp. Compl. 1-2.) In his deposition, Plaintiff states that Defendant Havior violated standard operating procedures by escorting him to medical alone rather than with another officer, that during that trip and because Defendant Havior was alone Plaintiff was attacked and injured, and therefore, that Defendant Havior violated his Eighth Amendment rights by failing to protect him. (Collins Dep. 37:8-40:5.) Defendant Havior argues that even assuming Plaintiff's description of the events is correct, he has not shown facts sufficient to prove the "deliberate indifference to a substantial risk of harm" to Plaintiff as required under the *Farmer* standard.

The Court agrees that Plaintiff has not shown that Defendant Havior's actions rose to the level of "deliberate indifference."  As Defendant argues in her brief, "failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000).  Furthermore, Plaintiff's statements in his deposition argue only that Defendant Havior "should have known" that he would be "jumped" by other inmates "[b]ased on the prison life and being escorted like that with handcuffs on and being in a fight with Hispanics."  (Collins Dep. 42:6-17.)  Plaintiff later states that when he and Defendant Havior arrived at the gate just before the second incident occurred he told her, "We cannot walk through the gate because I'm handcuffed and these guys are going to jump me, too." (*Id*. at 48:7-9.)  Even this, however, does not satisfy the "subjective knowledge" standard.

According to Plaintiff's testimony, he and Defendant Havior had just walked past "30 or 40" inmates without incident while he was handcuffed.  (*Id*. at 60:7.) Furthermore, Plaintiff specifically stated that he had no previous incidents with any of the inmates who jumped him and had never previously reported any problems with those inmates. (*Id*. at 83:4-18.)  Other than his statement, Plaintiff gave Defendant Havior no reason to believe that these five particular inmates would attack him.  Plaintiff has not shown with this testimony that Defendant Havior was "aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists," and that she actually did "draw that inference." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (quotation omitted).  The Eleventh Circuit has shown that to satisfy the

standard, "there must be more than a mere possibility of serious harm; instead, there must be a strong likelihood." *Turner v. Burnside*, 444 F. App'x 394, 396 (11th Cir. 2011). Even considering only Plaintiff's version of the events, there is no genuine issue of material fact, and the Court finds that Defendant Havior is entitled to summary judgment as a matter of law and her motion should be granted.

    B.  Inadequate Medical Treatment Claim

Defendants Streeter, Kellner, and LaMontagne also argue that in the event Plaintiff claims he suffered injury due to inadequate medical treatment Defendants are entitled to summary judgment on that claim as well.  Plaintiff stated that these Defendants kept him from "receiv[ing] the right treatment from a doctor that day." (Collins Dep. 69:11-12.)  Plaintiff specifically contends that the doctor at RCF told him that Defendants Streeter, Kellner, and LaMontagne would not let him order an MRI of Plaintiff's head.  (*Id*. at 72:19-25.)  Plaintiff later states, however, that the new doctor that he later saw at Smith Transitional Center ("STC") did not order an MRI either, and did not suggest that decision was based on anything other than his professional judgment.  (*Id*. at 97:18-98:19.)  Defendants contend that Plaintiff has failed to state a claim based on inadequate medical treatment or deliberate indifference to a serious medical need.  The Court agrees and recommends that Defendants motion be granted as to any such claims.

Plaintiff suggests a claim of inadequate medical treatment or deliberate indifference to a serious medical need against Defendants Streeter, Kellner, and LaMontagne.  To state an Eighth Amendment claim for inadequate medical care, a

prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). These allegations must satisfy both an objective and subjective component. *Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1186 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Peltzer*, 536 U.S. 730, 739 (2002). Under the first component, a prisoner must set forth evidence of an "objectively serious medical" need that, if left unattended, poses a substantial risk of serious harm. *Taylor v. Adams*, 221 F.3d 1254, 1257 (11th Cir. 2000). A medical need is serious if it has been diagnosed by a doctor as mandating treatment or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention. *Hill*, 40 F.3d at 1187. The prisoner must then demonstrate that a prison official had subjective knowledge of the risk of serious harm and disregarded that risk. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005).

Plaintiff has failed to show facts sufficient to prove such a claim. Plaintiff has not shown that he had an "objectively serious medical" need during the three weeks that he was supposedly denied access to a doctor. To the contrary, the fact that a new doctor also refused to order an MRI but instead "wanted to try the [migrane medication] first," shows that Plaintiff did not have a serious medical need that demanded an immediate MRI or other treatment. (Collins Dep. 98:6-7.) Plaintiff, therefore, cannot satisfy the objective prong of the analysis.

Furthermore, in his Affidavit, Defendant Kellner states that "[a]t no time following the subject incident did Plaintiff express to [Kellner] that he had any serious medical needs to which [Kellner] was deliberately indifferent; nor did [Kellner] have any

awareness that Plaintiff had any serious medical needs to which [he] was deliberately indifferent." (Aff. of Mark Kellner 4, August 7, 2013, ECF No. 28-2.)  As Plaintiff did not respond to the motion, Plaintiff does not deny the facts sworn to by Defendant Kellner, and therefore, Plaintiff cannot satisfy the subjective prong of the analysis either.  Defendants' motion for summary judgment should be granted as to the inadequate medical care claims.

## CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment (ECF No. 28) should be granted.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 19th day of February, 2014.

/s/ Stephen Hyles
UNTED STATES MAGISTRATE JUDGE